UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. PRICE,

        Plaintiff,

Case No. 1:13-cv-1194

Hon. Robert J. Jonker

v.

UNITED STATES POSTAL SERVICE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on a motion to dismiss plaintiff's complaint filed by defendant United States Postal Service (USPS) (docket no. 12). Defendant's motion is unopposed.

**I.    Background**

Plaintiff filed a small claims "Affidavit and Claim" against the "U.S. Postal Service" in Michigan's 54-A District Court alleging $499.96 in damages. *See* Affidavit and Claim (docket no. 1-1). In the affidavit, plaintiff stated that on April 25, 2013:

> I sent a cell phone, charger, screen protectors & a protective case to the Philippines. There is no evidence it ever left Lansing.

*Id.* A "Notice to Appear" on November 13, 2013 was sent to the "US Postal Service" in Chicago, Illinois. *Id.* Defendant received this "Notice" and removed the action to this Court on October 31, 2013. *See* Notice of Removal (docket no. 1). Defendant has now filed a motion to dismiss.

**II.    Lack of subject matter jurisdiction**

As an initial matter, defendant seeks to dismiss this action for lack of subject matter

jurisdiction. A motion brought pursuant to Fed. R. Civ. P. 12(b)(1) seeks to dismiss a claim for relief for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Thus, "when subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). "However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id. See, e.g., Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002) (for a facial attack as to subject matter jurisdiction under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff). In resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).

Here, plaintiff's complaint has alleged a customer service related claim arising from defendant's failure to deliver the items to the Philippines. The Court lacks jurisdiction to adjudicate this claim because a postal customer's exclusive remedy for unsatisfactory service lies with the

Postal Rate Commission. As the court explained in *Naskar v. United States*, 82 Fed. Cl. 319 (2008):

> To the extent that plaintiff's claim could be construed as a service complaint against the United States Postal Service, the Postal Rate Commission (the Commission) has exclusive jurisdiction over it. *See* 39 U.S.C. § 3662 (2006); *LeMay v. United States Postal Serv.*, 450 F.3d 797, 801 (8th Cir.2006) (holding that the Postal Rate Commission has exclusive jurisdiction over customer complaints of unsatisfactory service); *Shelby Res., Inc. v. United States Postal Serv.*, 619 F.Supp. 1546, 1548–49 (S.D.N.Y.1985) (holding that a hearing by the Commission and potential review in a United States Court of Appeals is "the sole remedy for a user of postal services who is not receiving adequate service"). Section 3662 of Title 39 of the United States Code provides: "Any interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of [the Postal Reorganization Act] may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." 39 U.S.C. § 3662(a).

*Naskar*, 82 Fed. Cl. at 322 fn. 1. *See Erickson v. United States Post Office*, 250 Fed. Appx. 757-58 (8th Cir. 2007) ("we conclude that the district court properly dismissed Erickson's complaint for lack of subject-matter jurisdiction because the Postal Regulatory Commission has exclusive jurisdiction over Erickson's claims regarding postal rates and services"); *Nolen v. United States Postal Service*, No. 5:11-cv-114, 2013 WL 660153 at *8 (D.Vt. Feb. 22, 2013) ("[c]ourts have held that, pursuant to this statute [39 U.S.C. § 3662(a)], complaints regarding postal delivery service must be addressed to the Postal Regulatory Commission"). Accordingly, plaintiff's action should be dismissed for lack of subject matter jurisdiction.

### III. Sovereign Immunity

It appears to the Court that plaintiff's claim is no more than a customer service related complaint. Nevertheless, defendant also seeks dismissal under Fed. R. Civ. P. 12(b)(6), because even if plaintiff's claim is construed as alleging negligence or some other tort which is not a customer service related complaint, such a tort claim is barred by sovereign immunity. A motion

brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

"It is fundamental that the United States, as sovereign, is immune from suit without its consent." *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). Its waiver of sovereign immunity is strictly construed and must be unequivocal. *Id.* Without a waiver of sovereign immunity, a court does not have jurisdiction over plaintiff's suit against the United States. *See Dolan v. United States Postal Service*, 546 U.S. 481, 484-85 (2006). "Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States.'" *Id.* at 483-84. "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Id.* at 484. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, applies to tort claims arising out of activities of the Postal Service. *Id.* citing 39 U.S.C. § 409(c). While the FTCA waives the federal government's sovereign immunity from tort suits, it includes a number of exceptions set forth in 28 U.S.C. § 2680. *Millbrook v. United States*, -- U.S. --, 133 S. Ct. 1441, 1442-43 (2013). One of those exceptions pertains to postal operations, specifically "[a]ny claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). *See Dolan*, 546 U.S. at 487 (under § 2680(b), "mail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address").

Once items are delivered to the USPS they become "postal matter" within the meaning of § 2680(b). *See, e.g., Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir.

4

2005) ("[o]nce mailed, the books and manuscript became 'postal matter' within the meaning of § 2680(b)"); *Wheeler v. Ulisny*, 482 Fed. Appx. 665, 668 (3rd Cir. 2012) (once the plaintiff's autobiography and photographs were given to the USPS, "they became 'postal matter' within the meaning of § 2680(b)" ). Here, assuming that plaintiff's claim for damages to the cell phone, charger, screen protectors and protective case could be construed as a tort under the FTCA, rather than a consumer service complaint, his claim would be subject to the sovereign immunity exception in § 2680(b). Accordingly, plaintiff's claim would be barred by sovereign immunity.[1]

### IV. Lack of proper service

Finally, defendant points out that plaintiff did not serve his complaint as prescribed under Fed. R. Civ. P. 4(i) ("Serving the United States and Its Agencies, Corporations, Officers, or Employees") and seeks to dismiss this complaint for lack of proper service pursuant to Fed. R. Civ. P. 12(b)(5). With respect to service, the court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). The Sixth

---

[1] In an abundance of caution, defendant also points out that plaintiff did not exhaust his administrative remedies under the FTCA. *See Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) ("[a] prerequisite to suit under the FTCA, however, is the exhaustion by the plaintiff of administrative remedies," citing 28 U.S.C. § 2675(a)). As defendant points out, plaintiff did not present an administrative claim seeking damages for the acts alleged in his complaint. *See* Declaration of Kimberly A. Herbst (docket no. 13-1). Accordingly, this is a third basis for granting defendant's motion to dismiss.

Circuit has expressed a preference to treat the first motion for improper service as a motion to quash rather than a motion to dismiss. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"). Consistent with the preference expressed in *Stern*, defendant's motion to dismiss plaintiff's complaint for lack of proper service would not be dispositive; rather, the appropriate remedy would be to allow plaintiff an opportunity to attempt valid service. However, the service of process issue is moot because this Court lacks subject matter jurisdiction over plaintiff's complaint.

### V. Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion to dismiss (docket no. 12) be **GRANTED** and that this matter be **DISMISSED**.

Entered: 06/30/2014                  /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).